IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory Green, | ) | C/A No. 4:20-3100-RBH-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER REGARDING AMENDMENT OF COMPLAINT** |
| Travis M. Hyman, *Assistant Solicitor, Horry County*; Jimmy A. Richardson, II, *Solicitor, Horry County*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Gregory Green, a self-represented state prisoner, brings this civil rights action. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.      Factual and Procedural Background**

Plaintiff claims that he pled guilty to a drug charge in the Horry County Court of General Sessions on May 29, 2014. However, Plaintiff claims the solicitor, Defendant Travis M. Hyman, amended Plaintiff's indictment to a different charge before Plaintiff pled guilty. Plaintiff claims the amendment of the indictment violated his right to notice of the charge under the Due Process Clause of the Fourteenth Amendment. Plaintiff brings this action against Hyman seeking damages for this purported constitutional violation pursuant to 42 U.S.C. § 1983. Plaintiff also brings this action against the circuit solicitor, Defendant Jimmy A. Richardson, II, for failing to train his employees.

Plaintiff also asks the court to issue an injunction to remedy the purported unconstitutional conditions of his confinement in the South Carolina Department of Corrections. Plaintiff claims that his proximity to other inmates during the COVID-19 pandemic puts him in imminent danger. Plaintiff indicates he has already been hospitalized due to complications from COVID-19, which he contracted while incarcerated, and he is in danger of contracting the virus again. Plaintiff asks the court to order that he be allowed to serve the remainder of his sentence on house arrest.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter,

accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

However, solicitors are immune from suit where a plaintiff seeks damages under § 1983 for the solicitors' prosecution of the plaintiff. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) ("Solicitors are immune from §1983 claims where their challenged actions are 'intimately associated with the judicial phase of the criminal process.' "); see also Nero v. Mosby, 890 F.3d 106, 118 (4th Cir. 2018) (explaining that to determine whether a particular act is "intimately associated with the judicial phase," the court employs an functional approach, distinguishing

between advocative functions and investigative or administrative functions) (quoting Imbler at 430). Here, Plaintiff alleges the defendants violated his rights by amending an indictment during the plea proceeding. This allegation concerns the defendant's prosecution as a solicitor, for which he is entitled to prosecutorial immunity. See Nero v. Mosby, 890 F.3d 106, 118 (4th Cir.) (stating a prosecutor is entitled to absolute immunity when he "prepares and files charging documents," and advocative function) (citing Kalina v. Fletcher, 522 U.S. 118, 130 (1997)). Accordingly, Plaintiff's claims for damages against the defendants should be dismissed because the defendants are immune from such relief.

As to Plaintiff's claim for injunctive relief based on the conditions of his confinement, Plaintiff fails to plausibly allege the named defendants are responsible for, or the cause of, the conditions of his confinement. Accordingly, Plaintiff fails to state a claim upon which relief can be granted for injunctive relief as to the named defendants.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) and § 1915A(b)(1-2) because the defendants are immune and Plaintiff fails to state a claim for injunctive relief upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[1] If Plaintiff fails to file an amended complaint that corrects those

---

[1] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

**IT IS SO ORDERED**.

October 1, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).