UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gregory Green, ) | Civil Action No.: 4:20-cv-03100-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Travis M. Hyman, *Assistant Solicitor,* ) | |
| *Horry County*; Jimmy A. Richardson, II, ) | |
| *Solicitor, Horry County*; Bryan Sterling, ) | |
| *Director, South Carolina Department of* ) | |
| *Corrections*; and Alfredo Mortell, *Warden,* ) | |
| *Manning Correctional Institution*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff Gregory Green's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing two defendants from this action.[1]  *See* ECF Nos. 20 & 24.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1]     The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff has filed an amended complaint pursuant to 42 U.S.C. § 1983 against four defendants, including the Solicitor of the Fifteenth Judicial Circuit (Defendant Jimmy Richardson, II) and an assistant solicitor (Defendant Travis M. Hyman).[2] *See* ECF No. 12. Plaintiff seeks damages against these two defendants, alleging Hyman violated the Due Process Clause of the Fourteenth Amendment by amending Plaintiff's indictment during a guilty plea proceeding and Richardson "implemented or tolerated" this practice by failing to train his employees. *Id.* at pp. 1–4. The Magistrate Judge recommends summarily dismissing Defendants Richardson and Hyman based on prosecutorial immunity. *See* ECF No. 20 at p. 3 (citing ECF No. 9).

Plaintiff lodges two objections to the R & R, arguing **(1)** prosecutorial immunity is improper

---

[2] The other two defendants are Bryan Sterling (Director of the South Carolina Department of Corrections) and Alfredo Martell (the warden of Plaintiff's prison facility), and the Magistrate Judge authorized issuance and service of process against them. *See* ECF No. 18. Plaintiff's allegations against Defendants Sterling and Martell relate to his confinement and COVID-19. *See* ECF No. 12 at pp. 4–7.

2

under *Kalina v. Fletcher*, 522 U.S. 118 (1997), and **(2)** the Magistrate Judge erroneously applied qualified immunity. *See* ECF No. 24. However, *Kalina* involved a prosecutor "acting as a complaining witness rather than a lawyer"—not "performing the traditional functions of an advocate"—and the Supreme Court reiterated "we shield the prosecutor seeking an indictment." 522 U.S. at 128–31 (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)); *see Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018) (recognizing a prosecutor enjoys absolute immunity when he "prepares and files charging documents" (citing *Kalina*, 522 U.S. at 130)).[3] Moreover, the Magistrate Judge did not invoke qualified immunity (an affirmative defense) but instead applied absolute prosecutorial immunity. *See generally Goldstein v. Moatz*, 364 F.3d 205, 212 (4th Cir. 2004) ("Absolute immunity, as its name suggests, differs from qualified immunity in that absolute immunity acts as a complete bar to damages claims of any sort, constitutional or otherwise."). Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeks monetary relief from defendants immune from such relief, the Court will *sua sponte* dismiss Defendants Richardson and Hyman. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2); 42 U.S.C. § 1997e(c)(1).

In sum, Defendants Richardson and Hyman are entitled to absolute prosecutorial immunity

---

[3] The Court has rejected similar challenges previously made by Plaintiff. *See Green v. Hixson*, No. 4:19-cv-01797-RBH-PJG, 2019 WL 5073720, at *2 (D.S.C. July 23, 2019) ("Plaintiff's claim concerns [the assistant solicitor]'s amendment of the indictment to change the specific statute under which Plaintiff was charged. Preparing and filing charging documents is well recognized as an advocative function for which prosecutors enjoy absolute immunity."), *adopted by*, 2019 WL 5063431 (D.S.C. Oct. 9, 2019), *aff'd*, 795 F. App'x 205 (4th Cir. 2020); *Green v. Horry Cnty.*, No. 4:17-cv-01304-RBH-PJG, 2017 WL 9288202, at *2 (D.S.C. June 14, 2017) ("Plaintiff alleges Defendants Hixon and Richardson violated Plaintiff's right to due process by amending his indictment during his guilty plea. This allegation concerns the defendants' prosecution of Plaintiff as solicitors, for which they are entitled to prosecutorial immunity."), *adopted by*, 2017 WL 4324843 (D.S.C. Sept. 29, 2017), *aff'd*, 709 F. App'x 215 (4th Cir. 2018). Other courts are in accord. *See, e.g.*, *Kroemer v. Tantillo*, 758 F. App'x 84, 87 (2d Cir. 2018) ("Kroemer claims that Tantillo fraudulently amended his indictment . . . [, b]ut Tantillo's conduct in seeking an amended indictment . . . falls squarely within the prosecutor's role as advocate and therefore remains protected by absolute immunity."); *Azeez v. Keller*, 2012 WL 3231323, at *7 (S.D.W. Va. Aug. 6, 2012) ("[P]rosecutors are entitled to absolute immunity for allegedly filing a fake or fabricated indictment."), *aff'd*, 510 F. App'x 296 (4th Cir. 2013).

because their alleged conduct is "intimately associated with the judicial phase of the criminal process," *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018), and the Court will dismiss them with prejudice.[4]

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's R & R [ECF No. 20], and **DISMISSES** Defendants Hyman and Richardson *with prejudice* and without issuance and service of process. This action remains pending as to Defendants Sterling and Mortell.

**IT IS SO ORDERED.**


Florence, South Carolina               s/ R. Bryan Harwell
January 26, 2021                       R. Bryan Harwell
                                       Chief United States District Judge

---

[4] *See, e.g.*, *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006) ("affirm[ing] the district court's dismissal with prejudice" because the defendant was "entitled to absolute prosecutorial immunity"); *Ostrzenski v. Seigel*, 177 F.3d 245, 248, 252–53 (4th Cir. 1999) (upholding a dismissal with prejudice based on absolute immunity principles).